Douglas C. Berry, WSBA #12291
Diane M. Meyers, WSBA #40729
GRAHAM & DUNN PC
Pier 70
2801 Alaskan Way, Suite 300
Seattle, WA 98121
Phone: (206) 624-8300

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BP LUBRICANTS USA, INC., a Delaware corporation, formerly known as CASTROL NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> vs. <br><br> PRO-FORMANCE LUBE CENTER, INC., an Idaho corporation; MANGUS, LLC, an Idaho limited liability company; and DAVID STEWART and TERESA STEWART, individually and as a marital community, <br><br> Defendants. | No. <br><br> COMPLAINT FOR VIOLATION OF FRAUDULENT TRANSFER ACT |

## I. VENUE AND JURISDICTION

1.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff BP Lubricants USA, Inc. is a Delaware corporation, and the Defendants Pro-Formance Lube Center, Inc. and Mangus, LLC are Idaho entities, and David and

COMPLAINT FOR VIOLATION OF
THE UNIFORM FRAUDULENT
TRANSFER ACT-- 1

M39457-1433178_2

Teresa Stewart are citizens of the State of Idaho.  The amount in controversy here exceeds $75,000, exclusive of interest and costs.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1391 because the judgment at issue was domesticated in Spokane, Washington.

## II. PARTIES AND JURISDICTION

3.      Plaintiff BP Lubricants, USA, Inc. ("BP Lubricants"), formerly known as Castrol North America, Inc. ("Castrol") is a Delaware corporation.

4.      Defendant Pro-Formance Lube Center, Inc. ("Pro-Formance") is a corporation organized under the laws of the state of Idaho.  Pro-Formance formerly operated a chain of quick lube centers in Spokane, Washington under the Pro-Formance name.

5.      Defendant Mangus, LLC ("Mangus") is a limited liability company organized under the laws of the state of Idaho.  Mangus filed its certificate of organization on March 3, 2010, and currently operates the same quick lube centers that had been operated by Pro-Formance in Spokane, Washington.  All continue to operate under the "Pro-Formance" name.

6.      Defendants David and Teresa Stewart ("the "Stewarts") are residents of Coeur d'Alene, Idaho.  Both are the sole shareholders and only members of Pro-Formance and Mangus, respectively.  Teresa Stewart is the spouse of David Stewart, and together the Stewarts constitute a marital community under the laws of Washington.  All actions performed by the Stewarts alleged herein were performed on behalf of themselves as individuals and in furtherance of their marital community.

//

//

COMPLAINT FOR VIOLATION OF
THE UNIFORM FRAUDULENT
TRANSFER ACT-- 2

M39457-1433178_2

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

### III. BACKGROUND FACTS

7.      On January 7, 2010, Castrol obtained a judgment (the "Judgment") for $139,884.80 against Pro-Formance in the United States District Court for the District of Idaho, Case No. Civ. 08-00290-N-BLW.   The Judgment dismissed claims against Castrol originally brought by Pro-Formance and awarded Castrol its attorney's fees and costs.

8.      Pro-Formance's claims against Castrol arose from the following facts:

a.      On January 25, 1999, Castrol entered into negotiations with Pro-Formance, a corporation owned wholly by the Stewarts, for the distribution of Castrol® brand motor oil.  Pro-Formance requested that it be the exclusive distributor of Castrol® brand motor oils in the Spokane area.  Although Pro-Formance contended that it was orally promised an exclusive distributorship during negotiations, this promise was never memorialized in the final distribution agreement.

b.      The parties entered into a written supply agreement ("Supply Agreement") on March 25, 1999, that granted to Pro-Formance a non-exclusive, non-transferable license to advertise and display Castrol® brand trademarks, trade names, and other brand indicia in conjunction with sale of Castrol® brand products.  The written Supply Agreement did not include any provision that stated that Pro-Formance would be the exclusive distributor of Castrol® brand products in the Spokane area. The Supply Agreement did contain an integration clause wherein it represented the parties' entire understanding and

COMPLAINT FOR VIOLATION OF
THE UNIFORM FRAUDULENT
TRANSFER ACT-- 3

GRAHAM & DUNN PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

M39457-1433178_2

agreement and superseded any and all prior agreements, oral or written.

    c.    Around July of 2008, another distributor opened a quick lube center in Spokane, Washington, featuring Castrol® brand motor oil.

    d.    Pro-Formance brought an action in the U.S. District Court for the District of Idaho against Castrol for breach of contract, breach of duty of good faith and fair dealing, and tortious interference with business expectancy.

    e.    Concluding that the parol evidence rule barred Pro-Formance's claims, the U.S. District Court granted Castrol's motion for summary judgment and awarded it attorney's fees and costs.

9.    On March 3, 2010, three months after the Judgment against Pro-Formance was entered, the Stewarts formed Mangus LLC by filing a Certificate of Organization with the Business Entities Division of the Secretary of State, State of Idaho.

10.    Mangus is owned by two members, David and Teresa Stewart. David Stewart is also the current president of Pro-Formance, and Teresa Stewart is the Secretary and Treasurer of Pro-Formance. Both David and Teresa Stewart are also the sole owners of Pro-Formance.

11.    On March 4, 2010, the Stewarts and/or Pro-Formance transferred all or substantially all of Pro-Formance's assets to Mangus pursuant to a Contract for Sale and Purchase of Business ("Contract"). Under Exhibit "A" of the Contract, these assets included, but are not limited to, the following: the trade name "Pro-Formance Lube Center," leasehold improvements, inventory, fixtures and equipment, utility, telephone, and security deposits, and business goodwill, for all

COMPLAINT FOR VIOLATION OF
THE UNIFORM FRAUDULENT
TRANSFER ACT-- 4

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

M39457-1433178_2

of the existing Pro-Formance locations.  The Contract was consummated with knowledge of and before satisfying Pro-Formance's judgment debt to Castrol.

12.    At the time of the transfer, Pro-Formance operated four quick lube stations in Spokane, Washington.

13.    Pursuant to Exhibit "C," ¶¶ g. and h. of the Contract, Mangus assumed all costs for processing the assignments of the leases from Pro-Formance to Mangus on for all four Spokane Pro-Formance locations.

14.    Pro-Formance made these transfers for consideration of $25,050.00, well below the value of the associated trade name, leasehold improvements, inventory, fixtures, utility deposits, other security deposits, and goodwill.

15.    Pro-Formance used the $25,050.00 proceeds of the transfer to pay the Stewarts back for pre-existing unsecured loans that they had personally given to Pro-Formance.

16.    The Judgment against Pro-Formance remains outstanding and unpaid.

## IV. CLAIMS
## FIRST CAUSE OF ACTION
(Fraudulent Transfer of Assets to Mangus: Constructive Fraud)

17.    Plaintiff incorporates herein and realleges the allegations set forth in paragraphs 1-15 above.

18.    Castrol's claim against Pro-Formance arose before Pro-Formance transferred its assets to Mangus.

19.    Pro-Formance transferred all or substantially all of its assets to Mangus without receiving a reasonably equivalent value in exchange for the transfer.

20.    At the time it transferred its assets, Pro-Formance was insolvent or became insolvent as a result of its transfer of assets to Mangus.

COMPLAINT FOR VIOLATION OF
THE UNIFORM FRAUDULENT
TRANSFER ACT-- 5

M39457-1433178_2

21.    Pro-Formance's transfer of assets to Mangus was fraudulent under RCW 19.40.051(a).

22.    Transfer of Pro-Formance's assets is voidable under RCW 19.40.071(a)(1) because Mangus did not take in good faith or for a reasonably equivalent value.

23.    Mangus is also not entitled to the off-setting damages provision in RCW 19.40.081(d)(3).

24.    Pursuant to RCW 19.40.081(b), Castrol is entitled to judgment against Mangus and Pro-Formance for the lesser of the value of the assets transferred or the amount necessary to satisfy BP Lubricant's claim.

## SECOND CAUSE OF ACTION
(Fraudulent Transfer of Assets to Mangus: Actual Fraud)

25.    Plaintiff incorporates herein and realleges the allegations set forth in paragraphs 1-15 above.

26.    Pro-Formance transferred all or substantially all of its assets to Mangus with the actual intent to hinder, delay or defraud Pro-Formance's creditors, including Castrol, in violation of RCW 19.40.041(a)(1).

27.    Transfer of Pro-Formance's assets is voidable under RCW 19.40.071(a)(1) because Mangus did not take in good faith or for a reasonably equivalent value.

28.    Mangus is also not entitled to the off-setting damages provision in RCW 19.40.081(d)(3).

29.    Pursuant to RCW 19.40.081(b), Castrol is entitled to judgment against Mangus and Pro-Formance for the lesser of the value of the assets transferred or the amount necessary to satisfy BP Lubricant's claim.

COMPLAINT FOR VIOLATION OF
THE UNIFORM FRAUDULENT
TRANSFER ACT-- 6

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington 98121-1128
(206) 624-8300/Fax: (206) 340-9599

M39457-1433178_2

**THIRD CAUSE OF ACTION**
(Fraudulent Transfer of Assets to the Stewarts: Constructive Fraud)

30.     Plaintiff incorporates herein and realleges the allegations set forth in paragraphs 1-15 above.

31.     The Stewarts were "insiders" of Pro-Formance, as that term is defined in RCW 19.40.011(7), when they received the $25,050.00 in proceeds from Pro-Formance's transfer of assets to Mangus.

32.     Pro-Formance transferred the $25,050.00 proceeds to the Stewarts for an antecedent debt when it was insolvent and the Stewarts had reasonable cause to believe that Pro-Formance was insolvent.

33.     Pro-Formance's transfer of the $25,050.00 proceeds to the Stewarts was fraudulent under RCW 19.40.051(b).

34.     Transfer of the $25,050.00 proceeds is voidable under RCW 19.40.071(a)(1) because the Stewarts did not take both in good faith and for a reasonably equivalent value.

35.     The Stewarts are also not entitled to the off-setting damages provision in RCW 19.40.081(d)(3).

36.     Pursuant to RCW 19.40.081(b), Castrol is entitled to judgment against the Stewarts and Pro-Formance for the lesser of the value of the proceeds transferred or the amount necessary to satisfy BP Lubricant's claim.

**FOURTH CAUSE OF ACTION**
(Fraudulent Transfer of Assets to the Stewarts: Actual Fraud)

37.     Plaintiff incorporates herein and realleges the allegations set forth in paragraphs 1-15 above.

//

//

COMPLAINT FOR VIOLATION OF
THE UNIFORM FRAUDULENT
TRANSFER ACT-- 7

M39457-1433178_2

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

38.     Pro-Formance transferred the $25,050.00 proceeds to the Stewarts with the actual intent to hinder, delay or defraud Pro-Formance's creditors, including Castrol, in violation of RCW 19.40.041(a)(1).

39.     Transfer of Pro-Formance's $25,050.00 proceeds is voidable under RCW 19.40.071(a)(1) because the Stewarts did not take both in good faith and for a reasonably equivalent value.

40.     The Stewarts also not entitled to the off-setting damages provision in RCW 19.40.081(d)(3).

41.     Pursuant to RCW 19.40.081(b), Castrol is entitled to judgment against the Stewarts and Pro-Formance for the lesser of the value of the proceeds transferred or the amount necessary to satisfy BP Lubricant's claim.

## FIFTH CAUSE OF ACTION
### (Liability of Transferees)

42.     Plaintiff incorporates herein and realleges the allegations set forth in paragraphs 1-15 above.

43.     Mangus knowingly accepted all or substantially all of Pro-Formance's assets with intent to assist Pro-Formance in evading Castrol and attempted to place the assets beyond Castrol's reach.

44.     The Stewarts knowingly accepted the proceeds of Pro-Formance's transfer of assets to Mangus with intent to assist Pro-Formance in evading Castrol and attempted to place the proceeds beyond Castrol's reach.

45.     Castrol is entitled to judgment against Mangus for the amount of the assets conveyed up to the amount that Pro-Formance owes to Castrol.

46.     Castrol is entitled to judgment against the Stewarts for the amount of the proceeds of sale up to the amount that Pro-Formance owes to Castrol.

COMPLAINT FOR VIOLATION OF
THE UNIFORM FRAUDULENT
TRANSFER ACT-- 8

M39457-1433178_2

**GRAHAM & DUNN** PC
Pier 70 ~ 2801 Alaskan Way ~ Suite 300
Seattle, Washington  98121-1128
(206) 624-8300/Fax: (206) 340-9599

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Castrol, prays for relief as follows:

A.    Avoidance of the transfers described above, or a money judgment against Mangus and the Stewarts for the value of the assets transferred;

B.    An injunction against further disposition by the Stewarts, Pro-Formance, and Mangus of the assets transferred or of other property;

C.    Execution on any assets fraudulently transferred or the proceeds of such assets;

D.    Damages in an amount to be proven at trial;

E.    Attorneys' fees and costs expended by Castrol in bringing this action;

F.    Any other relief the circumstances may require or the Court deems just and equitable.

DATED this 3rd day of November, 2010.

**GRAHAM & DUNN PC**

By /s/ Diane M. Meyers
    Douglas C. Berry, WSBA# 12291
    Email:  dberry@grahamdunn.com
    Diane M. Meyers, WSBA# 40729
    Email: dmeyers@grahamdunn.com
    Attorneys for BP Lubricants, USA, Inc.

COMPLAINT FOR VIOLATION OF
THE UNIFORM FRAUDULENT
TRANSFER ACT-- 9

M39457-1433178_2