UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BP LUBRICANTS, USA, INC.,

Plaintiff,

v.

PRO-FORMANCE LUBE CENTER, INC.,

Defendant.

NO: CV-10-388-RMP

ORDER DENYING MOTION FOR TRANSFER OF VENUE

Before the Court, without oral argument, is the motion for change of venue, **ECF No. 12**, brought by Defendants Pro-Formance Lube Center, Inc. ("Pro-Formance"), Mangus, LLC ("Mangus"), and David and Teresa Stewart ("Stewarts") for an order transferring venue in this diversity action to the District of Idaho pursuant to 28 U.S.C. § 1404(a). The Court has reviewed the motion, ECF No. 12, and accompanying memorandum, ECF No. 13, Plaintiff's response, ECF No. 15, and declaration and exhibits in opposition, ECF No. 16, Defendants' reply, ECF No. 21, and the remaining record in this matter. Fully informed, the

Court denies the Defendants' motion and declines to change venue to the District of Idaho.

## BACKGROUND

Plaintiff BP Lubricants USA, Inc. ("BP"), formerly known as Castrol North America, was previously sued by Defendant Pro-Formance, an Idaho corporation, in the District of Idaho. BP, a Delaware corporation, obtained a judgment in that matter in January 2010 for BP's attorneys' fees and costs, $139,884.80. In March 2010, BP domesticated the judgment in Spokane County, Washington, because Pro-Formance's assets, specifically, four quick lube stations, are located in the Spokane area.

Pro-Formance's president is David Stewart and secretary and treasurer is Teresa Stewart. Both Stewarts are Idaho residents and sole shareholders of Pro-Formance. After entry of the judgment, Pro-Formance executed a contract for sale of its assets to Mangus, an Idaho company. The contract for sale, executed in Idaho, lists David Stewart as "Managing Member" and Teresa Stewart as "Member" of Mangus.

Unable to collect on its judgment after the transfer of assets, BP sued Pro-Formance, Mangus, and the Stewarts in this District, alleging that the transfer of assets to Mangus violated Washington's Uniform Fraudulent Transfer Act. ECF No. 1. Defendants disputed whether venue is valid in the Eastern District of

Washington in their answer, ECF No. 7, and in the parties' joint status report, ECF No. 9, and again raise their allegations regarding improper venue in their briefing in support of the present motion. However, Defendants have not filed a motion to dismiss.

This Court exercises jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332.

**ANALYSIS**

*Propriety of Venue and Personal Jurisdiction in the Eastern District of Washington*

Although the Defendants have not brought a motion to dismiss or transfer under either Fed. R. Civ. P. 12(b)(3) or 28 U.S.C. § 1406, the Court first analyzes whether venue is proper in the Eastern District of Washington. The only basis for federal subject matter jurisdiction in this case is diversity of citizenship, so the applicable venue statute is 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

For venue to lie in this District, any of the Defendants must reside here, if all of the defendants reside in the same State, or a "substantial part of the events or omissions giving rise to the claim" must have occurred here, or "a substantial part of property that is the subject of the action" must be situated here. 28 U.S.C. § 1391(a). .

Defendants rely on a Seventh Circuit case, *Musicus v. Safeway Stores, Inc.*, 743 F.2d 503 (7th Cir. 1984), to argue that in a suit involving property that the standard for determining proper venue is whether the action may be characterized as "local" or "transitory" in nature and that, here, the Plaintiff's fraudulent transfer claim is "transitory." However, the *Musicus* case, apart from being from a different circuit, interpreted an earlier version of the venue statute, 28 U.S.C. § 1391(a), before a 1990 amendment of § 1391 that replaced the old venue statement in subsection (a) with an altogether new statement, recited above.

Venue lies in this District pursuant to § 1391(a)(2), which allows for venue in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred or where a substantial part of property that is the subject of the action is situated. The assets relevant to BP's claims are located in this District. *See* ECF No. 18. The judgment debt to BP is located in this District given that the judgment was domesticated in Spokane County. BP seeks relief, in

part, in the form of execution on any assets fraudulently transferred or the proceeds of such assets. ECF No. 1 at 9. Again, those assets are in Eastern Washington.

The Court disagrees with Defendants' argument that a transfer of assets occurs wholly in the state in which a contract transferring those assets is executed when the transferred assets themselves are real property located in a different state. For instance, obligations imposed by the transfer agreements with regard to assignments of the leases must be performed in this District.

In addition to § 1391(a)(2), venue is proper under § 1391(a)(1) in a "judicial district where any defendant resides, if all defendants reside in the same state." Subsection (c) of § 1391, defines residency for corporate defendants more broadly than residency for the purposes of diversity of citizenship. Subsection 1391(c) states that for the purposes of venue, "a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

To establish personal jurisdiction over an out-of-state defendant in this District, Washington's long-arm statute must confer personal jurisdiction, and the exercise of that jurisdiction must meet the constitutional requirements of due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). Washington's long-arm statute provides for personal jurisdiction over non-residents who conduct business within the state. RCW 4.28.185(1)(a). "Where a

defendant has 'substantial' or 'continuous and systematic' contacts with the forum state, there is a sufficient relationship between the defendant and the state to support 'general personal jurisdiction' even if the cause of action is unrelated to the defendant's forum activities." *Peterson v. Kennedy*, 771 F.2d 1244, 1261 (9th Cir. 1985).

All of the Defendants operated and/or operate multiple brick-and-mortar businesses in the Spokane area. Their relationship with Washington State is substantial and systematic enough to support general jurisdiction.[1] Both of the

---

[1] Defendants dispute by implication, but without argument or citation to legal authority, whether there is personal jurisdiction over the Stewarts in this District with the statement that "personal jurisdiction is, at best, questionable in Washington." ECF No. 13 at 6. The transfers at issue in this suit demonstrate that, were the Court to analyze the Stewarts' contacts with Washington individually, the Court would likely find that they were exercising sufficient control of the Defendant corporations to subject themselves to jurisdiction. *See Davis v. Metro Productions, Inc.*, 885 F.2d 515, 521 (9th Cir. 1989); *Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1393 (9th Cir.1984); *Babbit Electronics, Inc. v. Dynascan Corp.*, 828 F.Supp. 944, 960 (S.D.Fla.1993), aff'd, 38 F.3d 1161, 1184 (11th Cir.1994); *Silverlit Toys Manufactory, Ltd. v. Absolute Toy Marketing, Inc.*, 2007 WL 521239, *8 (N.D.Cal. 2007) (applying *Babbit Electronics*).

corporate Defendants, Pro-Formance and Mangus, are subject to personal jurisdiction in this District. A literal reading of § 1391(a)(1) suggests that venue lies in this district on the basis that the two corporate Defendants are residents of this District under § 1391(c), and all of the Defendants reside in the same State, Idaho. However, courts have interpreted "§ 1391(a)(1) as requiring the 'district where any defendant resides' to be in the state where all defendants reside." *Columbia Cas. Co. v. SMI Liquidating*, 2010 WL 3037242, *2 (N.D. Cal. July 30, 2010), citing with approval *Dashman v. Peter Letterese & Assocs.*, 999 F.Supp. 553, 555 (S.D.N.Y. 1998) ("Section 1391(a)(1) cannot be read, however, to mean that as long as all defendants reside in the same state, venue is proper in a district in some other state where any corporate defendant happens to be subject to personal jurisdiction. The language of § 1391(a)(1) contemplates venue in a judicial district within the state in which all defendants reside."); *see also Jorgens v. P & V, Inc.*, 2007 WL 840309 (E.D.Cal. March 16, 2007); Jonathan Siegel, *What Statutory Drafting Errors can Teach Us About Statutory Interpretation*, 69 GEO. WASH. L. REV. 309. 318 (2001) ("The whole point of § 1391(a)(1) would, in fact, be utterly thwarted if it could be transformed from a statute providing that defendants could be sued in judicial districts reasonably near their homes to a statute permitting a clever plaintiff's counsel to drag defendants clear across the

country when they have the misfortune to have a corporation as a codefendant”). In light of the widespread rejection of a literal interpretation of § 1391(a)(1), the Court declines to find venue proper on this additional ground.

*Weighing of the Considerations for Transfer of Venue*

Defendants bring their motion pursuant to 28 U.S.C. § 1404(a), which provides: “For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.” A district deciding whether to exercise its discretion to transfer considers: (1) the convenience of the parties; (2) convenience of the witnesses; and (3) the interest of justice. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). The Ninth Circuit has identified several additional factors that a court may consider in deciding a motion to change venue pursuant to § 1404(a):

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

The § 1404(a) analysis is conducted on an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). A defendant seeking transfer of venue bears the burden of showing that the convenience of the parties and witnesses and the interests of justice require transfer to another district. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979). The defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum. *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). When a discretionary venue transfer would only shift the inconvenience from defendant to plaintiff, the motion to transfer should be denied. *Gherebi v. Bush*, 352 F.3d 1278, 1302-03 (9th Cir. 2003), vacated on other grounds by *Bush v. Gherebi*, 542 U.S. 952 (2004). "[A]s a general matter, the district court is not required to determine the best venue, and transfer under § 1404(a) should not be freely granted." *Gherebi*, 352 F.3d at 1303 (internal citations and quotations omitted).

As to the convenience of the parties, litigation in the Eastern District of Washington would be minimally inconvenient for the Stewarts, who reside in Coeur d'Alene, Idaho, only 34 miles from the Eastern District of Washington's courthouse in Spokane. BP is not a Washington or Idaho corporation. However, BP chose to file their suit in the Eastern District of Washington and, accordingly,

hired attorneys licensed to practice in Washington to litigate the matter. These competing considerations render this factor neutral.

Likewise, the convenience of the witnesses does not weigh in favor of transferring venue to the District of Idaho, as the only witnesses discussed in the pleadings are the Stewarts, who are Defendants in this matter and who reside in Coeur d'Alene, Idaho. *See* ECF No. 18 at 9.

Finally, the Court considers the factors enumerated by the Ninth Circuit to weigh transfer on the basis of "the interest of justice." *See Stewart Org., Inc.*, 487 U.S. at 31; *Jones*, 211 F.3d at 498-99. The Court finds that the first factor weighs in Defendants' favor, as the agreements at issue were executed in Idaho. As to the second factor, although Defendants argue that both Washington and Idaho have adopted the Uniform Fraudulent Transfer Act, a District of Idaho court would be called upon to apply the Washington statute and rely on Washington state cases interpreting that statute if this case were to be transferred. The Court finds that either district may apply the Washington statute with equal understanding. Defendants concede that the third and fourth factors also weigh in favor of Plaintiffs.

The sixth and seventh factors are, according to the parties' briefing, neutral. The eighth factor may weigh slightly in favor of the Defendants if the Court considers the location of the corporate headquarters, and the paperwork it contains,

and the fact that the case that resulted in the adverse judgment was adjudicated in the District of Idaho. However, again, Defendants have not persuaded the Court that the location of potential sources of proof in this matter being in Idaho places a heavy burden on Defendants.

On the whole, the Court finds that the balance of the factors weighs in favor of Plaintiff, which necessitates against transferring venue. *Gherebi*, 352 F.3d at 1303,

**IT IS HEREBY ORDERED** that the Defendants' Motion to Transfer Venue, **ECF No. 12**, is **DENIED**.

The District Court Executive is hereby directed to enter this Order and furnish copies to counsel.

**DATED** this 10th day of May, 2011.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
Chief United States District Court Judge